IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

XO COMMUNICATIONS SERVICES, INC.              PLAINTIFF

VS.                  CASE NO. 05-3018

SOUTHERN TELECOM, INC.                          DEFENDANT

## ORDER

Now on this 14th day of December, 2005, comes on to be considered **Defendant's Motion to Reconsider (Doc. 42)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. On November 15, 2005, the Court entered an order granting plaintiff summary judgment on defendant's counterclaim. (Doc. 41.) In the motion now before the Court, defendant asks the Court "to reconsider its decision and reconsider the affidavits of Fred Roberts and Kathy Robins." (Doc. 42 ¶ 5.)

2. The Federal Rules of Civil Procedure do not mention motions for reconsideration. Such a motion is generally construed as a Rule 59(e) motion to alter or amend a judgment, or as a Rule 60(b) motion for relief from a judgment or order. *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). The ruling at issue was not a final order. *See* Fed. R. Civ. P. 54(b). Accordingly, defendant's motion to reconsider must be construed as Rule 60(b) motion.

3. Rule 60(b) authorizes a court to grant relief from an order for reasons such as mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence. *See* Fed. R. Civ. P. 60(b)(1)-(2). None of these circumstances are asserted here. Further, the Court fully considered the affidavits of Roberts and Robins and found that they were insufficient to create a genuine issue of material fact on defendant's counterclaim.

Accordingly, **Defendant's Motion to Reconsider (Doc. 42)** is **DENIED**.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE